55 P.3d 853

STATE of Hawai'i, Plaintiff–Appellant,

v.

Pesamino LETULI, Defendant–Appellee.

No. 24064.

Intermediate Court of Appeals of Hawai'i.

Sept. 16, 2002.

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, On the briefs, for Plaintiff–Appellant.

Cindy A.L. Goodness, Deputy Public Defender, for Defendant–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Plaintiff–Appellant State of Hawaiʻi (the State) appeals from the Order of Dismissal With Prejudice entered on December 29, 2000, District Judge Russell Blair presiding in the District Court of the First Circuit, *sua sponte* dismissing with prejudice some but not all of the charges against Defendant–Appellee Pesamino Letuli (Letuli). The State's appeal is authorized by Hawaii Revised Statutes (HRS) § 641–13(1) (1993), which allows the State to appeal in a criminal case "[f]rom an order … quashing … any … complaint or any count thereof[.]" We vacate and remand.

## BACKGROUND

On October 2, 2000, Letuli was in the District Court of the First Circuit, Waiʻanae Division, for trial on various charges. At this hearing, a Samoan language interpreter was requested, and the case was continued for trial to December 11, 2000. On December 11, 2000, for reasons unknown, there was no Samoan language interpreter. After receiving the "attestation of Alberta Souza, District Court Clerk II, Waianae Division," that the tape recording of the December 11, 2000 court proceedings was inaudible, the Deputy Prosecuting Attorney and the Deputy Public Defender stipulated to and, pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 10(c), the court "APPROVED AND SO ORDERED" a Statement of the Evidence of Proceedings When Transcript Unavailable, which states, in relevant part, as follows:

> Due to the March 27, 2001 "Attestation of Alberta Souza", stating that the tape of proceedings of December 11, 2000, in the [D]istrict Court of the First Circuit, Waianae Division is "inaudible", and pursuant to **Rule 10(c)** of the *Hawaiʻi Rules of Appellate Procedure* …, the STATE OF HAWAIʻI, by and through ALBERT COOK, Deputy Prosecuting Attorney, City and County of Honolulu, State of Hawaiʻi, and Defendant PESAMINO LETULI, by and through his counsel, ADRIENNE SANDERS, Deputy Public Defender, State of Hawaiʻi, stipulate that the following took place on the record on December 11, 2000, in the District Court of the First Circuit, Waianae Division, and that such be made part of the Record on Appeal.

> The above cases were called. Before continuing the cases, due to no interpreter, the court, *sua sponte*, dismissed SD9922071; 4686967MO; 4686968; 000328257; 000328260; and 000328258, with prejudice.

> The State objected, stating that other than not having an interpreter, the State was ready to proceed, and further, dismissing these charges would prejudice the State in that at the next setting, the dismissed charges would not be available for plea bargaining purposes.

> The Court stated, "objection noted", and proceeded to continue the remaining charges until February 9, 2001. No reason was given by the Court for the dismissal of the above charges.

(Emphases in original.)

The charges, with the dismissed charges outlined in bold lettering, are as follows:

(1) Five counts of Criminal Contempt of Court, HRS § 710–1077 (1993)(Report Nos. 00–328254, 00–328257, 00–328258, 00–328260, and **SD99–22071**).

(2) **Delinquent Motor Vehicle Tax, HRS § 249–2 (1993) (Report No. 4686967MO).**

(3) **No Safety Check, HRS § 286–25 (1993) (Report No. 4686968MO).**

(4) No No–Fault Insurance, HRS § 431:10C–104 (1993) (Report No. 4686969MO).

(5) Driving After License Suspended for Driving Under the Influence of Intoxicating Liquor, HRS § 291–4.5 (1993 and Supp.2000) (Report No. 4686970MO).

(6) Two counts of Driving Under the Influence of Intoxicating Liquor, HRS § 291–4 (1993 and Supp.2000) (Report Nos. 97–070537, 99–072716).

(7) Harassment, HRS § 711–1106 (1993) (Report No. 98–128412).

(8) Resisting an Order to Stop Motor Vehicle, HRS § 710–1027 (1993) (Report No. 99–072811).

(9) Consuming or Possessing Intoxicating Liquor While Operating a Motor Vehicle, HRS § 291–3.1 (1993 and Supp.2000) (Report No. 99–072812).

## RELEVANT PRECEDENT

■ Emanating from its "power to administer justice," a trial court has limited inherent authority to dismiss criminal charges, *sua sponte,* with or without prejudice, for cause. *State v. Moriwake,* 65 Haw. 47, 55, 647 P.2d 705, 711–12 (1982). In *Moriwake,* the court stated that "[s]imply put, '[i]t is a matter of balancing the interest of the [S]tate against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system.'" *Id.,* 65 Haw. at 56, 647 P.2d at 712 (quoting *State v. Braunsdorf,* 98 Wis.2d 569, 587, 297 N.W.2d 808, 817 (1980) (Day, J. dissenting)). However, it must be remembered that in *Moriwake*

two full, nearly identical trials on a serious charge were held, following which two separate juries were unable to reach a verdict despite sound judicial efforts to encourage a "considered judgment." There was no indication that a third trial would proceed in a manner any different than the previous two.

*Id.* at 57, 647 P.2d at 713.

In commenting on the trial court's lack of inherent discretion to dismiss criminal charges *sua sponte* with prejudice without cause, the Hawai'i Supreme Court stated in *State v. Alvey,* 67 Haw. 49, 678 P.2d 5 (1984), in relevant part, as follows:

Alvey has not cited a single authority for the proposition that a trial judge has the inherent power to dismiss an otherwise valid indictment prior to the defendant's first trial. Nor could we, for a judge's inherent power to dismiss an indictment is not so broad....

. . . .

... Judicial economy is ... not a legitimate reason to dismiss an indictment prior to a defendant's first trial. Except where *Moriwake*-type considerations apply, dismissing an indictment just to ease a crowded docket is an abuse of discretion.

*Alvey,* 67 Haw. at 57–58, 678 P.2d at 10–11 (citation omitted).

■ The district court has the inherent discretion to dismiss criminal cases, civil cases, and traffic offenses, with or without prejudice, for want of prosecution. *State v. Mageo,* 78 Hawai'i 33, 37, 889 P.2d 1092, 1096 (App.1995). The *Braunsdorf* balancing test quoted in *Moriwake* is the relevant test. *Id.* at 37–38, 889 P.2d at 1096–97 (citations omitted). Courts exercising this discretion "should issue written factual findings setting forth their reasons for dismissal with prejudice so that a reviewing court may accurately assess whether the trial court duly exercised its discretion." *Id.* at 38, 889 P.2d at 1097.

## DISCUSSION

■ The State contends that "the trial court gave no reason at all for its decision and, as such, the court's decision in *sua sponte* dismissing the charges with prejudice constitutes a clear abuse of discretion." The State's allegation that "the trial court gave no reason at all for its decision" is both supported and contradicted by the Statement of the Evidence of Proceedings When Transcript Unavailable stipulated to by the State. As noted above, that statement, with its contradictory statements emphasized in bold, reports, in relevant part, as follows:

The above cases were called. Before continuing the cases, **due to no interpreter, the court,** *sua sponte,* **dismissed SD9922071; 4686967MO; 4686968;**

000328257; 000328260; and 000328258, with prejudice.

The State objected, stating that other than not having an interpreter, the State was ready to proceed, and further, dismissing these charges would prejudice the State in that at the next setting, the dismissed charges would not be available for plea bargaining purposes.

The Court stated, "objection noted", and proceeded to continue the remaining charges until February 9, 2001. **No reason was given by the Court for the dismissal of the above charges.**

Nothing in the record 'suggests that the district court's reason for dismissing the six charges was its conclusion that each was *de minimis* as defined in HRS · § 702–236 (1993).

Nothing in the record suggests that the district court was exercising its inherent power to dismiss traffic offenses for want of prosecution.

The fact that only six of the charges were dismissed with prejudice suggests that it is unlikely that the trial court's reason for dismissing the six charges with prejudice was the absence of an interpreter. Assuming the trial court's reason for *sua sponte* dismissing the six charges with prejudice was the absence of an interpreter, the first question is, why did the court dismiss only six of the charges with prejudice?

The second question is whether the absence of an interpreter is, by itself, a valid reason for *sua sponte* dismissing with prejudice the six charges. Based on the record, the answer to this question is no. There is no evidence that the State was in any way at fault for the absence of the requested interpreter. Hawai'i Rules of Penal Procedure Rule 28(b) (2002) states, "The court may appoint an interpreter of its own selection and may fix the reasonable compensation of such interpreter. Such compensation shall be paid out of such funds as may be provided by law." Therefore, there is no basis for sanctioning the State by *sua sponte* dismissing the six charges with prejudice. ·

## CONCLUSION

Accordingly, we vacate the Order of Dismissal With Prejudice entered on December 29, 2000, *sua sponte* dismissing with prejudice some but not all of the charges against Defendant–Appellee Pesamino Letuli, and we remand for further proceedings.